AUDITOR GENERAL *v.* TILLSON.

1. Municipal Corporations—Taxation—Special Assessments—Authority of City—Burden of Proof—Statutes.

In proceeding by auditor general for sale of land for unpaid taxes, property owner seeking cancellation of special assessment for improvement on ground that city lacked authority to levy it, has burden of proof (1 Comp. Laws 1929, § 3458).

2. Same—Pontiac Charter.

In said proceeding, authority of city of Pontiac to levy special assessment for improvement, *held,* to have been affirmatively shown under its charter (chapter 12, § 1) adopted pursuant to home rule act (1 Comp. Laws 1929, § 2228 *et seq.*).

3. Same—Special Assessments—Evidence.

In proceeding to cancel special assessment for improvement, testimony as to assessments in other districts, offered for purpose of showing discrimination and inequality working fraud upon plaintiff, *held,* properly excluded.

4. Same—Failure to Object at Hearing.

That there may have been irregular or invalid charges made for like improvement in other assessment districts in city, *held,*

insufficient ground for relieving plaintiff's property from special assessment, where improvement has been completed and no objections were made when notice and opportunity for hearing were provided.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted January 14, 1932. (Docket No. 148, Calendar No. 36,127.) Decided April 4, 1932.

Petition by Oramel B. Fuller, auditor general, for sale of certain lands for 1928 taxes. On objections of John Arthur Tillson, who sought cancellation of tax. Decree for plaintiff. Defendant appeals. Affirmed.

*J. A. Tillson* and *C. C. Tillson*, for appellant.

*George A. Cram*, for auditor general and Oakland county.

*Goodloe H. Rogers*, City Attorney, for city of Pontiac.

NORTH, J. Incident to the hearing of the auditor general's petition for the sale of lands in Oakland county for unpaid taxes of 1928, Mr. John Arthur Tillson filed a petition seeking cancellation of a special assessment against 23 lots owned by him in a comparatively recent addition to the city of Pontiac. He was denied relief and has appealed.

The assessment, totaling $1,437.50, is for an extension of water mains. Mr. Tillson alleges the tax is void on the ground that the city had no authority to levy it, and that it resulted in discrimination amounting to a fraud. In opposition, the city of Pontiac denies the alleged lack of authority to levy this special assessment, and also denies the material allegations of fraud or discrimination.

In objecting to a tax in a proceeding of this character the burden is placed by statute upon the objector. 1 Comp. Laws 1929, § 3458. The alleged lack of implied authority to levy this tax was not established. On the contrary the city's power in that particular affirmatively appears. Its present charter was adopted under the home rule act (1 Comp. Laws 1929, § 2228 *et seq.*). Chapter 12, § 1, of the charter provides:

"The commission shall have the power to provide for the payment of all or any part of the cost of construction, reconstruction, repair, operation or maintenance of any structure or work in the nature of public improvement, by levying and collecting special assessments upon property specially benefited. Such special assessments may be payable in yearly installments for a period not exceeding ten years." Pontiac City Charter of 1920 as am. April 6, 1925.

The burden of the objector's effort in the trial court seems to have been to establish as a fact that different methods had been followed by the city in levying special assessments for the extension of water mains upon properties located in other assessment districts; and also to establish that special assessments of this character were not levied if the extension was within the former corporate limits of the city. This, he claims, resulted in discrimination and inequality and worked a fraud upon him. The trial judge excluded the testimony offered as to assessments in other districts, and correctly held that the facts thus sought to be proven were immaterial, and that the issues here to be tried were, first, whether these assessments were or were not within the power of the city to levy; and second, whether they were discriminatory or arbitrary or

whether there was any fraud or mistake in determining the amount. This record discloses that in accordance with the city charter the commissioners determined that the extension of these water mains was a necessary public improvement; an assessment district was regularly established; the special assessments were spread upon the respective parcels benefited; notice and opportunity for hearing were provided; and no objections were made. The proposed improvement has been completed. Appellant cannot be heard in an effort to relieve his property from paying its proportion of the cost merely because there may have been irregular or invalid charges made for like improvements in other assessment districts. The record is not such as entitles the objector to cancellation of these assessments. The decree entered in the circuit court is affirmed. Costs to appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.